IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JTH TAX LLC, et al**                                                                **PLAINTIFFS**

**V.**                                                 **CIVIL ACTION NO. 1:21CV178-SA-DAS**

**LARRITA CONNER, et al**                                               **DEFENDANTS**

## ORDER DENYING MOTION FOR SERVICE BY PUBLICATION

The plaintiffs JTH Tax, LLC d/b/a Liberty Tax Service f/k/a JTH Tax, Inc. and SiempreTax+, LLC have filed a motion for leave to serve Defendant Larrita Conner by publication. Docket 31. The docket reflects the various attempts the plaintiff has taken to serve Conner since initiating this action. The Complaint was filed on November 22, 2021, and summons were issued for Conner on December 7, 2021. Docket 1, 3. Federal Rule of Civil Procedure 4(m) requires that service of process be completed within 90 days after the complaint is filed. Because service had not been completed, the Clerk filed Notices of Incomplete Process on January 19, 2022, and February 23, 2022. Docket 4, 12.

On May 24, 2022, the Plaintiffs filed their first motion for additional time to serve Conner. Docket 24. The motion outlines the Plaintiff's attempts to serve Conner on December 14, 2021, at what was believed to be her address in Mississippi, on four different occasions in January and February 2022 at a new address in Florida, and finally by certified mail in March 2022. Docket 24. The court granted an additional ninety days, until August 22, 2022, to perfect service of process on Conner. Docket 26.

On August 22, 2022, the Plaintiffs filed a second motion for an extension of time to serve Conner. Docket 29. The motion states the Plaintiffs identified additional addresses in Starkville, Mississippi, and Belden, Mississippi, where they unsuccessfully attempted personal service and further requested a waiver of service of process but received no response. *Id*. On September 2,

2022, the Court granted an additional sixty days – until November 1 – to complete service. Docket 30. The plaintiffs have now moved to serve Conner by publication. Docket 31.

Service by publication is permissible under Federal Rule of Civil Procedure 4(e)(1) though disfavored because "it is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings." *Sunbelt Rentals, Inc. v. XTM Enterprises LLC*, No. 3:21-CV-408-TSL-RPM, 2022 WL 101330, at *1 (S.D. Miss. Jan. 10, 2022) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 381, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)). "Rule 4(e)(1) authorizes service by publication pursuant to Rule 4(c)(4) of the Mississippi Rules of Civil Procedure, which permits service by publication only after a 'diligent inquiry' reveals an inability to serve a defendant personally."[1] *Id*. (quoting *Skinner v. Bordages*, No. 1:13–CV–314–HSO–RHW, 2014 WL 7339032, at *2 (S.D. Miss. Dec. 22, 2014)). "There is no bright line rule as to how many efforts must be made by a plaintiff to locate a named defendant to satisfy the requirement of diligent inquiry[,]" but the quantity and quality of a plaintiff's efforts to serve a defendant personally must be taken into consideration. *Page v. Crawford*, 883 So.2d 609, 611–12 (Miss. Ct. App. 2004), *overruled on other grounds by E. Mississippi State Hosp. v. Adams*, 947 So.2d 887, 891 (Miss. 2007).

In *Sunbelt Rentals, Incorporated v. XTM Enterprises LLC*, the District Court for the Southern District of Mississippi denied a motion for leave to serve a defendant by publication

---

[1] In full, Rule 4(c)(4)(A) of the Mississippi Rules of Civil Procedure states:
> If the defendant <u>in any proceeding in a chancery court, or in any proceeding in any other court where process by publication is authorized by statute</u>, be <u>shown by sworn complaint or sworn petition, or by a filed affidavit</u>, to be a nonresident of this state or not to be found therein on diligent inquiry and the post office address of such defendant be stated in the complaint, petition, or affidavit, or if it be stated in such sworn complaint or petition that the post office address of the defendant is not known to the plaintiff or petitioner after diligent inquiry, or if the affidavit be made by another for the plaintiff or petitioner, that such post office address is unknown to the affiant after diligent inquiry and he believes it is unknown to the plaintiff or petitioner after diligent inquiry by the plaintiff or petitioner, the clerk, upon filing the complaint or petition, account or other commencement of a proceeding, shall promptly prepare and publish a summons to the defendant to appear and defend the suit. The summons shall be substantially in the form set forth in Form 1-C.

M.R.C.P. 4(c)(4)(A) (*emphasis supplied*).

citing "serious doubts whether the […] motion [was] properly before it." *Sunbelt Rentals, Inc.*, 2022 WL 101330, at *2. The court explained that, on its face, Mississippi Rule of Civil Procedure 4 does not require leave of court before attempting service by publication. *Id*. The court further found that, as a matter of course, leave of court is not required before serving a defendant by publication. *Id*. (citing *Noble v. Noble*, 502 So.2d 317, 318 (Miss. 1987) and *Townsend v. What a Combo Inc.*, 281 So.3d 43, 45–46 (Miss. Ct. App. 2019)). *Sunbelt Rentals* was not a chancery court action, nor did Sunbelt identify a statute allowing service by publication in that particular case. *Id*.

Alternatively, evaluating Sunbelt's request in light of the "diligent inquiry" requirement, the court found Sunbelt's showing insufficient. *Id*. Sunbelt had not exhausted possible electronic search options such as "a skip trace, voter rolls, motor vehicle records, public utility records, or even a simple Google search." *Id*.

*Sunbelt* applies here. As an initial matter, this is not a chancery court action nor has the plaintiff identified a statute under which service by publication is permitted. Moreover, Mississippi Rule of Civil Procedure 4(c)(4)(A) requires the plaintiff make a showing "by sworn complaint or sworn petition, or by a filed affidavit," which has not been done here. Under the "diligent inquiry" standard, the motion states the Plaintiffs have confirmed Conner maintains a daycare business in Starkville, Mississippi, and have "verified with her staff that she does appear there periodically, [although] it is not clear when and where she will be there, despite multiple attempts at observation." Docket 31. Having knowledge of Conner's place of employment and verification that she appears there with some regularity does not justify service by publication. The "upcoming deadline for service of process," in light of the foregoing, is an insufficient basis to allow service by publication, should it be permitted by statute as the Mississippi Rules of Civil Procedure require.

Accordingly, the plaintiffs JTH Tax, LLC d/b/a Liberty Tax Service f/k/a JTH Tax, Inc. and SiempreTax+, LLC's Motion for Leave to Serve Defendant Larrita Conner via Publication is **DENIED** without prejudice.

**SO ORDERED**, this the 19th day of October, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**