IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JTH TAX LLC, *et al.*                                                                                          PLAINTIFFS

v.                                              CIVIL ACTION NO. 1:21-CV-178-SA-DAS

LARRITA CONNER, *et al.*                                                     DEFENDANTS

ORDER

On November 22, 2021, JTH Tax, LLC and Siempretax+ (collectively "the Plaintiffs") initiated this lawsuit by filing their Complaint [1] against four Defendants: (1) Larrita Conner; (2) Eagle One Business Solutions, LLC; (3) Beverly McCarter-Hairston; and (4) Danielle Taylor Hairston.

Relatively soon after filing the lawsuit, the Plaintiffs effectuated service of process on Eagle One, Beverly McCarter-Hairston, and Danielle Taylor Hairston. *See* [5, 6, 13]. The Clerk of Court has entered default against all three of those Defendants. *See* [17].

Effectuating service of process on Larrita Conner has proven more difficult for the Plaintiffs. After being granted multiple extensions of time to effectuate service, the Plaintiffs filed a Proof of Service [33] indicating that they had accomplished service of process on Conner on October 25, 2022. The Clerk of Court entered a default against Conner, and, after the Plaintiffs filed a Motion for Default Judgment [42], the Court set a hearing for July 12, 2023.

However, prior to the hearing, the Court entered an Order to Show Cause [49], wherein it articulated concerns as to whether the Plaintiffs' service of process on Conner complied with the applicable Rules of Civil Procedure. The Court will not recite in full all of the issues raised in that Order [49] but, in essence, the Court raised a concern with the fact that the Proof of Service [33] indicated that the process server had served Amanda Corley, an Officer Manager associated with Conner's business, as opposed to serving Conner individually. In its Order [49], the Court also

cancelled the previously-scheduled hearing and directed the Plaintiffs to respond to the articulated concerns.

In their Response [51], the Plaintiffs set forth the efforts in which their process server engaged in attempting to serve Conner:

> 14. Plaintiffs attempted to serve Defendant Conner personally on August 2, 2022 to no avail, and their process server, upon arriving at 4614 Old West Point Road on August 8, 2022, was informed by Defendant Conner's then-employed office manager Amanda Corley that though Defendant Conner was not present at the time, she was indeed authorized to accept service on Defendant Conner. Ms. Corley further informed the process server that she could leave the summons and complaint with her and she would make sure that Ms. Conner got them personally.
>
> 15. The process server did not leave the summons and complaint at that time. After attempting to serve Defendant Conner at other locations, the process server then proceeded to engage Defendant Conner's office manager Amanda Corley again on October 25, 2022, who again indicated that she was authorized to accept service of process and would make sure that Ms. Conner received both the summons and complaint personally. This time, the process server left the summons and complaint with Ms. Corley.

[51] at p. 2-3.

The Plaintiffs therefore contend that "[t]he circumstances of this case suggest that Amanda Corley was an authorized agent to receive service of process on behalf of" Conner. *Id*. at p. 4. Specifically, they contend that Corley had express authority or, at a minimum, apparent authority to accept service of process on Conner's behalf.

Under the Federal Rules of Civil Procedure, an individual may be served by (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" (3) "delivering a copy of each to an agent authorized by appointment

2

or by law to receive service of process;" or (4) in accordance with state law. *Price v. Tunica Cnty. Sch. Dist.*, 2020 WL 7081597, at *3 (N.D. Miss. Dec. 3, 2020) (quoting FED. R. CIV. P. 4(e)). "The Mississippi Rules provide for similar methods of service on an individual." *Id*. (citing MISS. R. CIV. P. 4(d)(1)).

Here, the Plaintiffs did not serve Conner personally nor did they leave a copy of the summons and Complaint [1] at her dwelling or usual place or abode. Instead, as noted above, they contend that Corley was an agent authorized to receive service of process on Conner's behalf. In other words, they attempt to travel under the third option set forth above, which can be located at Rule 4(e)(2)(c) of the Federal Rules of Civil Procedure.

"For service under Rule 4(e)(2)(c), 'the agency relationship, if one exists, must be for the specific purpose of receiving service of process.'" *Id*. at *4 (quoting *Ill. Cent. Gulf R.R. Co. v. Hampton*, 117 F.R.D. 588, 591 (S.D. Miss. 1987)). Notably, this Court, citing the Fifth Circuit, has previously held that "federal law requires some action by [the principal] indicating that [the agent] had authority to accept service." *Id*. (citing *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1102, 1111 (5th Cir. 1985) ("Apparent authority is created as to a third person *by conduct of the principal* which . . . causes the third person to believe that the principal consents to the act done on his behalf by the person purporting to act for him.") (emphasis in original)).[1] As to the way in which service of process can be proven, the Fifth Circuit has noted that the serving party carries the burden of proof and, further, explained that the serving party may carry that burden through affidavits or other evidence. *Hawkins v. Potter*, 234 F. App'x 188, 190 (5th Cir. 2007);

---

[1] The same concept applies under Mississippi law. *See Price*, 2020 WL 7081597 at *4 (citing *Marion Cnty. Economic Dev. Dist. v. Wellstone Apparel, LLC*, 2013 WL 3328690, at *5 (S.D. Miss. July 2, 2013) ("Also like federal law, apparent authority under Mississippi law requires an action on the part of the alleged principal.")).

3

*see also Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

Against this backdrop, the Court reverts to the Plaintiffs' contention—namely, that Corley was an agent of Conner authorized to accept service of process on her behalf. To support this contention, the Plaintiffs argue that it is undisputed that Conner is affiliated with the business located at 4614 Old West Point Road in Starkville, Mississippi. They further aver that:

> 21. . . . Approximately two months passed between the time when Plaintiffs, via their process server, first made contact with Amanda Corley and ultimately provided her with the summons and complaint. Ms. Corley's response to the process server was the same on each occasion — she could not only accept the summons and complaint for Defendant Conner, but also she would make sure that she received them personally. It is reasonable to assume that Ms. Corley brought the contact to Defendant Conner's attention after the attempt to serve in August, and if Defendant Conner did not convey this authority, Ms. Corley would not have offered to accept service in October.
>
> . . .
>
> 23. Since the Court's Show Cause order was entered, Plaintiffs have attempted to obtain an affidavit from Amanda Corley to reinforce their position that she had actual authority to accept service of process on behalf of Defendant Conner and indeed provided the summons and complaint to Defendant Conner, giving her actual notice of the lawsuit. Unfortunately, however, Plaintiffs have learned that Ms. Corley no longer works at the 4614 Old West Point Road facility, and her whereabouts are unknown at this time.

[51] at p. 4-5.

As this quoted language makes clear, the crux of the Plaintiffs' argument is that the Court should infer that Conner authorized Corley to accept service of process on her behalf. However, there is no *evidence* in the record indicating Corley's authority to do so. For example, the Plaintiffs

4

have not provided evidence in the form of an affidavit from Conner or Corley as to this fact nor have they provided any other evidence that would support Conner having granted such authority.

As noted above, federal law requires some conduct by the principal in order for authority to accept service of process to be present. See *Price*, 2020 WL 7081597 at *4. The Plaintiffs have not shown any such conduct by Conner. The Court squarely rejects the Plaintiffs' contention that authority should be inferred simply because, according to the process server (in an unsworn statement), Corley offered to accept service of process on Conner's behalf. To find the same to be sufficient would, in this Court's view, create a slippery slope. And in the absence of any authority for that proposition, the Court declines to do so.

Ultimately, the Court finds that the Plaintiffs have not shown that Corley had authority to accept service of process on Conner's behalf. Therefore, the Court finds that the service of process was insufficient. The Clerk's entry of default as to Conner is hereby SET ASIDE, and the Plaintiffs' Motion for Default Judgment [42] is hereby DENIED *without prejudice*.

In their Response [51], the Plaintiffs specifically request that, should the Court find that service on Corley was insufficient, they be provided "a final opportunity to serve Defendant Conner with process within 30 calendar days of this Response[.]" [51] at p. 6.

The Court finds the request to be well-taken and will grant the Plaintiffs 30 days from today's date to effectuate service of process on Conner. Should the Plaintiffs fail to file documentation on the docket within 30 days of today's date indicating that they have completed service of process on Conner, the Court will dismiss their claims against her without further notice.

SO ORDERED, this the 14th day of August, 2023.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE